Good morning. Good morning, your honors. My name is Elsa Martinez and I represent the petitioner Michael Angelo Planes. I'd like to reserve two minutes for rebuttal. Go ahead. Mr. Planes has been residing since March of 2007 since he has been deported from the Lancaster facility on account of having been convicted of two crimes of moral turpitude. Where did you say he is? He is still in the Philippines. He was deported in March of 2007. And as such has been separated from his children and parents. Petitioner requests that the petition be granted because Mr. Planes is not deportable as charged. Specifically, my goal today is to convince this panel that a conviction for 10 U.S.C. 1029A is not a crime of moral turpitude. And secondly, that his conviction for the same offense was not a final conviction at the time that a decision was rendered in his case. Well, since we don't have a lot of time, it seems to, you know, sort of in terms of focusing, we're obviously, I think, familiar with a lot of it. You know, the way that I see this is, first off, what authority do you have for your proposition that the conviction cannot be counted as a CIMT because he is appealing his sentence? And also, does this proposition survive the enactment of the IRERA or IRIRA or however we say it and its statutory definition of conviction? Well, specifically with regards to a CIMT, the fact that it's not a crime of moral turpitude, that's a question in and of itself. And I would like to draw the Court's attention to the specific Code 1029. The title of that Code is Fraud and Related Activity. Specifically, the subsection that my client was convicted of, which is subsection A3, says that anyone who knowingly and with intent to defraud possesses 15 or more devices. Isn't the intent to defraud language sufficient? Because we said Navarro-Lopez, and I know it wasn't cited in your brief, but the section that the majority joined was Judge Reinhart's concurring opinion, which says, as it's always been, fraud is a crime involving moral turpitude. So why isn't that language, knowingly and with intent to defraud, enough to make it a crime involving moral turpitude? Yes, Judge Callahan, my point exactly. I'm flattered that you called me. I'd love to be Judge Okuda, but that's Judge Okuda. I'm sorry, thank you. Judge Okuda, specifically, this subsection goes on to specify what an access device is, and anyone who possesses even a code or any kind of identification document or identification number without anything more would be convicted of subsection 1029A3. The mere language with intent to defraud shouldn't be decisive. So you're saying even though the government has to prove as an element in order to convict a person found to violate this, that he had the intent to defraud, that that isn't enough to make it a crime of fraud? That's correct, Your Honor. I believe that the mere language of someone having an intent to defraud doesn't necessarily make the offense a moral turpitude offense, and I know I'm arguing against that. That's a pretty tough rock to push uphill. It is a hard argument to make in light of Navarro and Tijani and all of those decisions, but what I'm specifically arguing is that this is a very broad statute in fraud and related activity. The specific subsection 3, if someone has in their wallet a piece of paper with 15 credit card numbers, never uses it, doesn't sell it, doesn't do anything with it whatsoever, that's sufficient to convict someone of this offense. He has the intent to defraud, though, because that's an element of the crime. But let's put that as I think it's going to be hard for us not to follow the precedent that says intent to defraud, that's a crime of moral turpitude, even if it is very, very broad. Could you address Judge Callahan's second question? We have this language defining conviction that postdates some of our cases, which said it's not enough to have a judgment of guilt entered. You also have to go through the appeals process. But now we have a definition of conviction which says a formal judgment of guilt of the alien is entered by a court. That's enough. So why wouldn't we say that here where the judgment of guilt has been entered and, in fact, was never appealed, that that suffices to make it a conviction under that definition? Well, the case was appealed. The case is still on appeal. Only the sentencing portion, right, not the guilt. The conviction on guilt was not appealed, correct? My argument would be twofold. Essentially, the section that applies to my client in the definition of a conviction is not that a court found him guilty, is that he entered a plea of noble contender, and that's what specifically happened in this case. But the judgment was entered. Isn't that correct? I thought I saw a document that said judgment on it. There is a judgment and commitment, which there is a finding of guilt, but it was by a plea. My reading of the definition of a conviction is that if a court doesn't find him guilty, but he actually enters into a plea of guilty or noble contender, that there must be some imposition of punishment. But there was. He had sentence imposed. But at the time, there was a direct appeal. It wasn't a collateral impact. But that's where I think you've got to deal with the plain language of the statute, and what does that exactly mean? I mean, they could have said a judgment, a conviction is not final until all appeals are final. They didn't say that. What they said is if you plead or you're found guilty and a judgment is imposed, and as a practical matter, the way that it works, if someone pleads guilty, they put it over for sentencing, the judge imposes a sentence. Or if they're found guilty by a jury, the judge sends them to probation and imposes a sentence. It doesn't say anything about, and in criminal cases, because people can, everyone appeals. They're entitled to a lawyer on that. So why can't we just look at the plain language when they could have said a conviction is not a conviction until all appeals are final? Why do we build that in? But there is a precedent decision for that. That's Pregada v. Ines where it says pre-status. Before, before. But post the statute, most of the circuits, I guess there's one circuit that went the other way, but most of the circuits have just given effect to the plain language. Why shouldn't we do that? I believe that there must be some restraint on the person's liberty, whether it's a mere imposition of a fine, a probation, or something of that nature. Otherwise, we may be dealing with, in a case where someone's been convicted of an infraction, and that will be sufficient, and that has been held not to be a conviction. But that's not going to be, but an infraction's not going to be a CMIT. It's not, you know, speeding isn't going to be, you know, the fact that you were going 35 in a 25 isn't going to put you in that category. Well, our argument at the time that the case was being litigated in Lancaster is that he was on direct appeal. In fact, the court, the Ninth Circuit, had already remanded the matter. Even on a limited basis, it was a direct appeal and not a collateral attack. Well, we know that, but the question really is, is did Congress intend for when that, when you institute deportation proceedings, when you do that, do you have to wait until the direct appeals are done? You've got criminal court, you've got deportation proceedings. And the question is, does the plain language, you know, if we look at the plain language, does it say that all you have to do is have a plea or found guilty by a jury and a sentence, and then they can start, then, you know, then Congress can override those cases that came previously if that's what their intent was. So that's what we have to decide. I think the plain language of the statute requires that if there is a, if the person enters into a plea and is sentenced and takes a direct appeal, I think the plain language in this court should hold. Okay. Do you see that? Can you show me in the plain language where it says about direct appeals? Well. Plain language means what you read right there. Right. And that's in the statute. And, I mean, Congress is presumed to know what the case law is before they enact something. You know, I'm not trying to play hardball with you, but I'm just, you know, that's, we've got to follow statutory construction. Well, if it says a formal judgment of guilt is entered or an adjudication of guilt has been withheld, which is not the case in this case, the alien has entered a plea of guilty, and the judge has entered some form of punishment, I think that the plain language and the common sense interpretation of this is that a case on direct appeal should not be a final conviction. If you're looking at someone starting deportation proceedings because they, in fact, have been sentenced and punished while they're serving in time, which happens often, if that case is then reversed. Well, you know, but Congress could have thought from this standpoint, anyone that does criminal law knows that everyone's got a right to appeal. They are entitled to an attorney free of charge and that they do. But if you look at statistics throughout, way over 90% of all criminal convictions are affirmed on appeal. Congress could have intended that for purposes of what the INS does or what Homeland Security does, we want a different system than what we do in the criminal process, and that's what we have to decide. Anyway, you've used your time. I'll give you two minutes for rebuttal. Thank you, Your Honor. Good morning. Good morning, Your Honors. May it please the Court, we assess mercy of the Office of Immigration and Litigation for the respondent. There is one primary issue before the Court today, whether Plinus is removable for having been convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct for which a sentence of one year or longer may be imposed for each offense without regard to their date of commission. Let me ask you about this, the language we've been looking at, 1101A48, defining conviction. As I understand Petitioner's argument, they want to read that to say a formal judgment of guilt of the alien entered by a court and then where, and then you go into I and too little I, so that the I and too little I both modify the formal judgment of guilt. Why shouldn't we read it that way? As the government argued in its brief, looking at the plain language of the statutes, the first section of the statute, a formal judgment of guilt of the alien entered by the court, is modified by or. So it's either or. There is either a formal judgment of guilt of the alien entered by the court or if adjudication is deferred, the two section, little I and section little II, modify that second section of deferred adjudication. So those two little sections are separate from the formal judgment of guilt. So you're saying just grammatically you have a formal judgment of guilt on the one hand or if adjudication of guilt has been withheld, the two conditions in I and little I, too little I, pertain. Is that how you read that grammatically? Yes. I believe in reading, excuse me, the government believes that in reading that statute, there is no other alternative reading of that particular statute. It's absolutely clear that that is the manner in which it should be read. The or is if adjudication is withheld, and then the two modifications to that. As we said in our brief, looking at Maria Espinoza v. INS, that was acknowledged in the concurring opinion that if one reads the statute, that a formal judgment of guilt is a separate requirement for a conviction rather than the two sections afterwards. And while I have not had a chance to 28J this case yet, recently the Ninth Circuit in Rotuda v. Holder also acknowledged a similar division in this particular statute, that the first section of the statute, formal judgment of guilt, is separate from the second to the third. Well, let me ask you this. In this case, Mr. Plantes was just appealing his sentence. If he had been appealing his conviction, you know, say like he was found guilty by a jury trial and he got a sentence and he was appealing the whole thing, would the result be the same? Does it matter what he's appealing? I wouldn't want to speculate as to in which, under what circumstances, a conviction would be considered final or not. However, in this particular case. Would you have wanted to give some thought to that? Well, I think that this particular case provides a circumstance in which we can definitely say that the conviction underneath is final. The word final doesn't appear in the statutory language. So based on your interpretation. I'm sorry, a formal judgment of guilt. A formal judgment of guilt. It doesn't say anything about finality. So your interpretation would have to apply to Judge Callahan's hypothetical as well. Either it does or it doesn't. I mean, either we're using the plain language or we're not. It would seem to me that it doesn't say just appealing the sentence. If what you're saying, a formal judgment, is they're found guilty by trial or they plead guilty and sentence is imposed, that it shouldn't matter what the nature of the appeal is. I'm sorry, I misunderstood your question. In terms of the plain language of the statute, the plain language of the statute does not have any requirement of finality. In terms of under what circumstances. But here he's just appealing his sentence. Yes. And you seem to say, well, okay, here we're home free. It's easy. It's all that. But I wouldn't want to speculate if we were appealing. Let's say if he had a jury trial. Jury trials people always appeal evidentiary rulings or instructional error or any number of things. If we were appealing, you know, and they're appealing the conviction, not just the sentence. And you're saying you don't want to speculate about that. But in my reading, if I accept your reading, it doesn't matter what they're appealing. No, it doesn't. So you want to speculate now? In terms of this particular circumstances, where the appeal just has to do with the sentence, and any decision made in the district court on appeal would just have to do with the sentence, a formal judgment of guilt has been made. Well, but if we're going to interpret the statutory language, why wouldn't we want to interpret it and tell people what it means as opposed to, I mean, we can decide this in a mem dispo narrowly on these facts and not publish. So, you know, we've got to know what the language means. Well, as the government stated in its brief, the government believes that the language is absolutely clear. It's a formal judgment of guilt. And the formal judgment of guilt, that was ‑‑ So it doesn't matter what they're appealing then? No, it doesn't. So it's entered by a court. You're not arguing that it's not entered by a court if it's appealed. Is that correct? I'm sorry. So there's not too many pieces of this definition. It says that there's a formal judgment of guilt of the alien entered by a court. And so it doesn't say anything about finality. It doesn't say anything about whether there's an appeal or not. No. And you're not making an argument that an appeal makes a difference, or are you? I'm not making an argument that an appeal makes a difference. I'm just saying in the specifics of this case, addressing the petitioner's argument, where she states that because an appeal is occurring ‑‑ occurred in this particular case, and the Ninth Circuit remanded the case particularly for sentencing, that a formal judgment of guilt still stands. That's the government's position. You're saying that it wasn't vacated or it wasn't passed into light by the Ninth Circuit, by our action. No, it wasn't. It was simply remanded particularly for sentencing purposes. And as such, a formal judgment of guilt still stands by the district court. That's the government's position. But it seems to me that the whole idea here is when can they go against someone? Do you have to wait until something, all appeals are exhausted? Or can you do it before? And if you can do it before, and they did it before, he's back in the Philippines, then his remedy then becomes ‑‑ let's just say if down along the lines of an appeal, the entire thing is vacated, then the remedy, if I'm understanding your statutory interpretation by the plain language, the remedy then would be to go back before the immigration court and say, now I do not have to make a motion to reopen. That's the way I'm seeing this operate. It's saying you don't, if we have your reading, you don't have to wait until all the appeals are done. You can, if someone pled guilty and a sentence is imposed, even though they've got appeals pending, you can remove them. Both the board and this court have consistently interpreted the statute in that manner, that a conviction subject to collateral attack or other modification is still a conviction for immigration purposes. And for that purpose ‑‑ Well, I guess I'm not, you know, you seem apologetic about that. I mean, if that's what the plain language says, then that's what, you know, plain language is important. So is that what the plain language says? Yes, no, absolutely. That is the government's position that that's what the plain language says. I'm simply trying to understand. So the procedure, if an alien is convicted, he has an appeal pending, he's deported while the appeal is pending, and then on appeal the conviction is vacated, what is the alien's remedy at that point? Well, again, it depends on the circumstances of the vacator, of the vacating order. However, in this particular case, the remand was specifically only for sentencing purposes, therefore the conviction as it reads a formal judgment of guilt still stands. Well, but then on the other hand, but if I'm reading, if I read this plain language the way that you're asking me to read it, you know, my understanding would be even if they had vacated the conviction, then what his remedy would be to go back before, file a motion to reopen and say, I don't have, you know, two CIMTs. If they had vacated the conviction on what grounds, though? Well, let's just say he had a jury trial and, you know, they said, you know, there was error and, you know, they set aside the conviction. So he's not convicted of it anymore by a jury. Again, it would depend on the grounds of the vacating order. I think we're talking past each other. You know, I think that I'm inclined to say that the plain language says what you say it's saying and that they can go ahead while an appeal is pending, but I think what Judge Akut is asking is if down the line there, you know, for some reason that conviction is vacated, does a person have a remedy? I, to best address that question, I would essentially refer the court to the board's case law, and the board's case law in different circumstances has allowed, under certain circumstances, a conviction that has been vacated for substantive procedures for substantive reasons that it would no longer be a conviction. However, other vacating orders, as this court has acknowledged, such as in the circumstances of expungement or otherwise, the board has said it's still a criminal case law. But the whole thing, isn't this all about whether they can go ahead before the appeals are final? Yes, and the government's position is that they can, because there has been a formal judgment of guilt entered under the statute. But the concern, unlike an expungement where the state court just goes back and says, or the federal court, but generally the state court just says, usually for immigration purposes we'll expunge this from your record for certain purposes, so there's not an undoing of the original finding of guilt. What's concerning, I guess, to me, is that if in fact the person was wrongly convicted, as determined on appeal, he's deported and has no remedy. That, I think, is the reason that our pre-statutory change case law said, no, you have to wait until it's final. Your Honors, I believe that where we're talking past each other is on whether or not there's a remedy as to if a conviction is vacated on substantive grounds. If, for some reason, it is appealed and someone is declared innocent. At that stage, the definition of conviction in terms of the criminal law would apply at that stage, whether or not it is still a conviction, in terms of whether or not there is any longer a formal judgment of guilt. And the BIA has said what about that? If there's a substantive... In other words, the alien did not get a fair trial as a determination of the appeals court. He had ineffective assistance of counsel, the jury was biased, whatever the reasoning was. Well, as I said earlier, the Board has distinguished between cases in which substantive... purposes, which I believe is what Your Honors are referring to, and convictions which have been, as we argued in our brief, either simply modified or there have been collateral attacks, or simply that there is no longer a formal judgment of guilt. I can... The government can certainly 28-J one or two of these cases if you prefer, but we believe that the plain language declares that there's a formal judgment of guilt. I believe that... Excuse me. You're way over your time. Oh, I'm sorry. Unless Judge Acuto wants further explanation, that will be fine. Thank you. Thank you, Your Honors. I briefly wanted to address the practical effect of this. If you did not read the word final into a formal judgment, then the ironic result would be a double jeopardy. Someone like my client who had three or four different convictions, if one of them was in fact vacated on the merits because of ineffective assistance of some... or some other defect, constitutional defect, my client certainly could do a motion to reopen, and assuming that would be granted, the government would then launch additional charges, and then he would be exposed to an effective double jeopardy of an immigration proceeding, and that would be ironic in and of itself. Well, double jeopardy is a criminal term. He would have to undergo immigration proceedings anew because he would then be... because the one conviction that was vacated, which is one of the two that was used for deportability, if that was vacated formally based on a constitutional violation, then he could have a remedy which would mean to reopen. So what's wrong with that? He would reopen, but then he would have to undergo removal proceedings and the relief state of removal proceedings all over again, and I think... Does he want a second chance to say that he had a right to stay? Well, I think that that would... it doesn't amount to a judicial economy. It's not practical. It's unfair. So would he just rather just stay where he is and not have a motion to reopen? No, what the reasonable thing to do is that Congress, although it didn't explicitly say it, this Court should find that there should be a final judgment. Even though they used the word a formal judgment of guilt, it should also be read that it's a final judgment. We're not speaking about collateral... Well, Congress isn't always wise or isn't always reasonable, and we have to be judges and they have to be legislators. So you could file a motion to reopen is what you're saying. You could file a motion to reopen, but then you would have to go through proceedings again, which I don't think that that's what Congress intended, for people to have to go through proceedings, piecemealing it. But you also have to look at... It says any reference to a term of imprisonment or sentence. They're not saying this in a vacuum. I think that they're specifically referring to little subsection I and little subsection II, which says the judges order some form of punishment. And even though grammatically the commas and the subdividing the sections may not make it very simple to read, I believe that it should be a formal judgment of guilt, which is a final conviction, and there has been some imposition of punishment. And I think that's right into the statute if you also read the large subsection B of 101A43. Okay. Thank you for your argument. This matter will stand submitted. All right. The next matter on calendar is Alfredo Fidel Mesa v. Eric Holder, 0773346. That matter was submitted on the briefs. Previously, this court, by way of written order, denied Mr. Mesa's request to stay submission or hold an abeyance for 90 days. But at this point in time, we as a panel have agreed that we will not submit this matter for 30 days. And so a written order will file with the court. So rather than being submitted as of this date, it will be submitted as of 30 days and we will file a written order. The next matter on calendar is United States of America v. Jose Angel Delgado Ramos, 0950580. That matter is submitted on the briefs and is submitted as of this date. The next matter for argument on calendar is United States of America v. Kevin Bryan Ellis, 0950652.
judges: Rymer, Callahan, Ikuta